**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **JOSEPH ALLEN SLOPSEMA,** <br> **Petitioner,** <br> **v.** <br> **INDIANA ATTORNEY GENERAL,** <br> **Respondent.** | **No. 3:26 CV 1176** |

**OPINION and ORDER**

Joseph Allen Slopsema, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and probation revocation proceedings under Case No. 08D01-2306-F6-79 in the Carroll Circuit Court.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

To challenge a conviction on federal habeas review, a petitioner must be in custody pursuant to that conviction. 28 U.S.C. § 2254(a). Similarly, to challenge probation revocation proceedings, a petitioner must also be in custody pursuant to those probation revocation proceedings. The custody requirement is satisfied if the petitioner was in custody at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1,

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. Contrary to Slopsema's attestations, his State post-conviction proceedings appear on the State docket under Case No. 08D01-2602-PC-1 and Case No. 08D01-2606-PC-5.

7 (1998). Though Slopsema attests that he is confined at the Carroll County Jail, he submitted the habeas petition to the court by mail in an envelope that appears to be sent from a residential address. (DE # 1-2.) Further, nothing on the State court docket suggests that probation revocation proceedings remain pending following an evidentiary hearing held on May 11, 2026. Consequently, it is unclear how Slopsema can satisfy the custody requirement with respect to his conviction or his probation revocation proceedings.

The court next considers whether the claims challenging the conviction are timely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the State court docket, the Carroll Superior Court sentenced him on April 19, 2024, and Slopsema did not pursue a direct appeal. Consequently, the federal limitations period started running when the time to file a notice of appeal expired on May 19, 2024. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within 30 days of judgment). The federal limitations period expired one year later, on May 19, 2025. On August 6, 2026, Slopsema initiated this case by filing a habeas petition. (DE # 1.) Because Slopsema filed the petition more than one year too late, the court finds that the claims challenging the conviction are untimely.

In sum, the court is inclined to deny the habeas petition because Slopsema is no longer in custody and because the claims challenging his conviction are untimely. Nevertheless, out of an abundance of caution, the court will first grant Slopsema an opportunity to respond to the concerns set forth in this order.

For these reasons, the court:

(1) **ORDERS** Joseph Allen Slopsema to file a response to the concerns set forth in this Order by **October 13, 2026**; and

(2) **CAUTIONS** Joseph Allen Slopsema that, if he does not respond by this date, the court will dismiss this case without further notice.

**SO ORDERED.**

Date: September 16, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT